## KEYS v STATE

Ohio Appeals, 4th Dist, Lawrence Co
Decided April 9, 1930

A. J. Layne, Ironton, for Keys.
Lee D. Andrews, Prosecuting Attorney, Ironton, for State.

### BY THE COURT.

Keys was convicted of the unlawful possession of intoxicating liquor and prosecutes error from that judgment. The affidavit charged that it was a second offense and he was found guilty as charged.

He complains, first, that having filed a plea in abatement, in which he set forth that he had already been twice convicted of violating the prohibition laws and proved the truth of the plea in abatement, the trial court nevertheless denied his plea and proceeded to try him as for a second offense when in fact he was guilty of a third offense if anything. We find no error in this. The state may not have known of both prior convictions, and in any case he can not complain because he was tried for a minor offense when he was subject to trial for a major offense.

After the plea in abatement had been denied the trial proceeded and the state did not offer any testimony upon the trial proper showing that the accused was being tried for a second offense. The court having before it, however, the accused's plea in abatement, in which he directly acknowledged that he had been twice convicted of violating the state prohibition laws, the court was warranted in finding that it was a second offense if anything. Moreover, the accused was on the stand and testified that he had paid two fines for violating the liquors laws, and it may well be presumed that the two fines to which he testified related to the two offenses set up in his plea in abatement.

The only substantial question in the case is whether or not the judgment is supported by sufficient testimony. The prohibition officers entered a barn which the defendant had been occupying for a number of years. The defendant was not in the barn at the time, having as he says left town early

**318**

that morning and not returning until shortly after the raid was completed. They found near an old organ in the barn a small amount of intoxicating liquor in a half pint bottle. They discovered a path leading from the barn some thirty feet or more over a railroad fill, and following that path found a number of jugs of whiskey. Keys was not proven to have had physical contact with any of the liquor so found, but there was also found in the barn 151 gallon jugs, hundreds of bottles, quarts, pints and half pints, and hundreds of new corks, which strongly indicate that the whiskey concealed near the barn was being used by Keys in selling whiskey. This impression, which doubtless the trial court had, was strengthened by Keys' own testimony. He says that he bought these bottles and jugs of junk dealers for re-sale. The fact is, however, that a lot of them were new and had never been uncrated. His explanation seemed to be wholly inadequate to the trial judge. And as that court was satisfied of his guilt, and as we are not clear that the trial court erred in that respect, we affirm the judgment.

Middleton, PJ., Mauck and Blosser, JJ., concur.